### B. Vogel et al. vs. Sam Berman.

First Judicial District, Hartford, October Term, 1927.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

A father who ratifies the purchase of a fur coat by his daughter,
as one made on his behalf, and orally promises to pay for it,
may be held liable for the purchase price in an action brought
upon the common counts with a bill of particulars for goods
had and received.

Argued October 7th—decided November 4th, 1927.

Action to recover the purchase price of a fur coat
alleged to have been sold by the plaintiffs to the de-
fendant, brought to the City Court of Hartford and
tried to the court, *Ross, J.;* judgment for the plaintiff,
and appeal by the defendant. *No error.*

*Bernard E. Dubin,* with whom, on the brief, was
*Louis H. Katz,* for the appellant (defendant).

*Monroe S. Gordon,* with whom was *Samuel Rosen-
thal,* for the appellees (plaintiffs).

Per Curiam. Defendant's daughter bought a fur
coat of the plaintiffs, which she subsequently took to
them to have it repaired and done over. Before the
repairs were completed the daughter examined a new
coat which the plaintiffs had for sale and arranged to
take it home for a few days to see if she liked it. Later,
the plaintiffs demanded the return of the coat or pay-
ment of its price and were told by defendant's wife to
speak to her husband about it. Subsequently one of
the plaintiffs met the defendant and it was agreed that
the latter should retain the new coat at the price of
$325 with an allowance of $100 for the old coat which
was still in the possession of the plaintiffs. The defend-

ant failed to pay the agreed balance due on the new coat and this action was brought upon the common counts with a bill of particulars for goods had and received. The defendant claimed that in an action started upon the common counts he could not be charged for goods received by a member of his family, also that the coat was not actually received by him and that his promise to pay for it was a promise to pay the debt of another and therefore plaintiffs could not recover because there was no memorandum of the sale in writing. These claims are disposed of by the finding from which it appears that the defendant expressly agreed to pay for the coat which was received and retained by him. In the absence of a correction of the finding, which is not asked for, it is clear that the defendant ratified the purchase of the coat by his daughter as one made on his behalf and is bound by his express promise to pay for it.

There is no error.